Walter R. HARRISON, Jettie M. Parsons, Horrer Brewer, William S. Hubbard, Aqurlle Lowery, Lola E. Dagnam, Maudie J. Kimbrell, Lucille Parsons, Juanita Martin, George Kegley, Edna Marcum, Odessa Adams Cain, Ruby Johnson, Clarence Marcum, Ellis Cornelious, Carlton Thomas, Agnes Snow, Bertie Hardin, Floyd Allen, Robert E. Roberson, Harry J. Adams, Milton Caldwell, William Hubbard, Robert Hubbard, J.C. Majors, J.W. Owens, Allen Bryant, the individually named plaintiffs and those unnamed are retired or disabled coal miners, surviving spouses or dependents or coal miners who were last employed for Black Diamond Coal Company, Birmingham, Ala., all are beneficiaries under the United Mine Worker's Benefit Plan & Trust of 1974; Casby Alexander, Sr., Adron Bearden, Eddie Benjamin, J. Sid Bennett, Cicero Bevelle, Amos Boyd, Louise L. Chastain, Woodrow W. Dagnan, Eugene Davis, Tommy W. Davis, Frank E. Deerman, John J. Deerman, Hazel W. Gafnea, Yvenna Gilbert, Robert F. Gothard, Jesse Griffin, Tony J. Guari-

no, Leland B. Gwin, Cecil H. Jackson, Jesse Jackson, Mary Evelyn Majors, Wade Miller, Vona M. Phillips, Lovell Richardson, Sr., Lish Smith, Hazel Thomas and Lee Woods, Jr., Plaintiffs–Appellants,

v.

UNITED MINE WORKERS OF AMER-ICA 1974 BENEFIT PLAN & TRUST, Joseph P. Connors, Sr., Trustee; Donald E. Pierce, Jr., Trustee; William Miller, Trustee; Thomas H. Saggau, Trustee and Paul R. Dean, Trustees, Defendants–Appellees.

No. 91–7117
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Sept. 12, 1991.

Grover S. McLeod, Birmingham, Ala., for plaintiffs-appellants.

David W. Allen, UMWA Health & Retirement Funds, Office of Gen. Counsel, Barbara E. Locklin–George, Washington, D.C., for defendants-appellees.

Before COX, Circuit Judge, and TUTTLE and CLARK, Senior Circuit Judges.

TUTTLE, Senior Circuit Judge:

## STATEMENT OF THE CASE

In April of 1990, the appellants, certain named and unnamed retirees of the Black Diamond Coal Company ("Black Diamond") or their surviving spouses and dependents, filed a class action lawsuit to compel the United Mine Workers of America 1974 Benefit Plan & Trust (the "1974 Plan" or the "Plan") to pay retroactive health and other non-pension benefits. On receipt of the complaint, the 1974 Plan initiated the required Business Status Investigation into eligibility of Black Diamond retirees. The answer was due before the investigation was completed, however, and the Plan filed an answer, on information and belief, denying that the appellants were eligible for benefits.

On June 5, 1990, the 1974 Plan concluded its investigation and determined that the Black Diamond retirees, along with their surviving spouses and dependents, were eligible for benefits. On June 21, 1990, the Plan mailed letters to all of the appellants informing them that they were entitled to benefits and requesting that they submit the appropriate applications. All of the appellants who ultimately applied to the Plan for benefits have received them.

The appellants, however, pursued their lawsuit. The appellants filed several motions to add plaintiffs and a motion to strike the request for class certification, all of which were granted, and they filed motions to compel discovery. The appellants also filed a motion for summary judgment. The Plan responded with a cross-motion for summary judgment.

On January 11, 1991, the district court granted the Plan's motion for summary judgment and denied the plaintiff's motion. In the same order, it also denied the plaintiff's request for attorney's fees. The appellants appeal from this order.

## STATEMENT OF THE FACTS

Black Diamond was a signatory to the National Bituminous Coal Wage Agreements of 1974, 1978, 1981, and 1984 (the "Wage Agreements"). Under the terms of these agreements, the signatory employers were to pay health and other non-pension benefits directly to retirees, or their eligible family members, and to contribute to several multi-employer benefit funds. The appellee, the 1974 Plan, is one of several such funds.

Under the modified terms of the 1974 Plan, the Plan would pay health and other non-pension benefits to retirees if their last employer was a signatory to the Wage Agreements and was "no longer in business." In a series of decisions, the courts have interpreted this phrase to include coal companies that were still engaged in mining operations and were financially able to pay benefits but were no longer legally obligated to do so. *See United Mine Workers of America v. Nobel,* 720 F.Supp. 1169 (W.D.Pa.1989). Under these decisions, however, the Plan did not have to pay benefits if the employer had entered into a current collective bargaining agreement with the United Mine Workers of America that did not obligate them to provide these benefits, nor did it have to pay if the employer was subject to an ongoing strike.

Black Diamond stopped paying health and other benefits to its retirees in 1988, but prior to the commencement of this lawsuit the Plan had never conducted the required Business Status Investigation to determine the eligibility of the Black Diamond retirees. The retirees had never applied for benefits under the Plan, and their Union had never made a formal request on their behalf. According to the Plan, an investigation into Black Diamond's status took considerable time because there was some question as to whether it was subject to an ongoing strike. The Plan ultimately determined, however, that the strike had ended and that Black Diamond was not legally obligated to provide health or other benefits to its retirees since its employees were working without a union contract.

Consequently, the Plan determined that the Black Diamond retirees were eligible for benefits.

## DISCUSSION

The appellants raise two issues on appeal: (1) whether the district court erred in granting summary judgment for the Plan and in denying summary judgment for the appellants, and (2) whether the district court abused its discretion in denying the appellants' request for attorney's fees. We find that the district court did not err either in its summary judgment decision or its decision to deny attorney's fees.

### a. Summary Judgment.

As a panel of this court recently explained: "It is well-established in this Circuit that plaintiffs in ERISA cases must normally exhaust available administrative remedies under their ERISA-governed plans before they may bring suit in federal court. This applies both to breach of contract actions ... and to actions based on alleged statutory violations." *Springer v. Wal–Mart Assoc. Group Health Plan,* 908 F.2d 897 (11th Cir.1990).

It is undisputed by the parties that the appellants failed to take the most rudimentary administrative steps to obtain their benefits. The appellants never submitted applications for benefits to the Plan, and the UMWA never formally petitioned the Plan for a Business Status Investigation to determine the eligibility of Black Diamond retirees. Under these circumstances it is simply indisputable that the appellants failed to exhaust their administrative remedies as required under the law of this Circuit.

As to those appellants who have submitted applications, the case is moot. The Plan has approved all of the applications submitted by Black Diamond retirees or their eligible surviving family members and has paid all benefits in full. There is no case or controversy between these appellants and the Plan.

Consequently, we find that the district court did not err in granting summary judgment for the Plan and in denying the appellants' motion for summary judgment.

### b. Attorney's Fees.

Under 29 U.S.C. § 1132(g)(1), a district court may allow at its discretion a reasonable attorney's fee to either party in a lawsuit brought under ERISA. In this case, the district court denied the appellants' motion for attorney's fees, and the appellants challenge this decision. This court considers the following factors in reviewing the award or denial of attorney fees: "(1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorney's fees; (3) whether an award of attorney's fees would deter other persons acting under similar circumstances; (4) whether the parties requesting attorney's fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions." *Nachwalter v. Christie,* 805 F.2d 956 (11th Cir.1986).

In its memorandum denying the plaintiff's request for attorney's fees, the district court implicitly found that the this lawsuit was frivolous. *Harrison v. United Mine Workers of America Benefit Plan and Trust of 1974,* No. 90–C–0750–S, slip op. at 3 (N.D.Ala. Jan. 11, 1991) ("Since *Noble [Nobel]* set forth the requirements that must be met to be eligible to receive benefits from the 1974 Benefit Plan and was decided before this case was filed, the plaintiff's motion for attorney's fee is denied.") From this finding, it logically follows that all of the factors listed above support the district court's order denying attorney's fees.

For the foregoing reasons, we AFFIRM the order of the district court granting the Plan's motion for summary judgment, denying the appellants' motion for summary judgment, and denying the appellants' motion for attorney fees.